UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMITH & FONG COMPANY | Case No.: 18-CV-6957 |
| Plaintiff, | COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| GALA WOODWORKING, INC.,<br>and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Smith & Fong Company, a California corporation ("Plaintiff" or "Smith & Fong Co."), hereby sues Defendants, Gala Woodworking, Inc., a New York corporation ("Defendant Gala"), and Doe entities 1 through 20 (collectively, "Defendants"). Defendants have used counterfeits and confusingly similar imitations of Plaintiff's trademarks to market, promote, offer for sale, distribute, and sell plywood paneling products bearing counterfeit or substantially similar copies of copyright works owned by Plaintiff, all within this judicial district. The Plaintiff asserts causes of action sounding in: (i) Federal Trademark Infringement; (ii) Federal Unfair Competition; (iii) Copyright Infringement; (iv) New York Unfair Trade Practices; (v) New York False Advertising; (vi) Contributory Infringement; and (vii) Vicarious Infringement. In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action for federal trademark infringement and counterfeiting, false designation of origin, and common law unfair competition pursuant to 15 U.S.C. §§ 1114, 1116, 11125(a), and 1125(d), federal copyright infringement pursuant to 17 U.S.C. § 106, and The All Writs Act pursuant to 28 U.S.C. § 1651(a). Hence, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) (actions arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (acts of Congress related to patents, copyrights, and trademarks), 28 U.S.C. § 1338(b) (related unfair

competition claims).  This Court further has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     This Court has personal jurisdiction over Defendants because they maintain continuous and systematic commercial contacts with the State of New York by, *inter alia*, (a) purposefully availing themselves of the opportunity to conduct business activities toward, and conduct business with customers within the State of New York, and within this judicial district, and (b) committing a substantial part of the wrongful acts complained of herein in interstate commerce, in the State of New York, and in this judicial district.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because, among other things, defendants reside or are found in this judicial district and a substantial part of the acts or omissions giving rise to the claims herein occurred in this judicial district.

## THE PARTIES

4.     Plaintiff Smith & Fong Company is a corporation duly organized under the laws of the State of California, and has an office and principal place of business at 394 Bel Marin Keys Boulevard, Suite 6, Novato, California, 94949.

5.     On information and belief, Defendant Gala is a corporation organized under the laws of the State of New York, and has an office and principal place of business at 114 12th Street, Brooklyn, New York, 11215.

6.     On information and belief, Defendant Gala also trades as, does business as, or is known as "Gala Architectural Woodworking."

7.     Plaintiff is informed and believes and thereon alleges that the chief executive officer of Defendant Gala is Joseph Finocchiaro.

8.     Plaintiff is informed and believes and thereon alleges that Joseph Finochiaro is variously also known or identified as "Joseph Fino," and "Joe Fino."

9.     Plaintiff is ignorant of the true names and capacities of defendants named as DOES 1 through 20, inclusive, and sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible, in some manner, for the occurrences herein alleged and that Plaintiff's injuries were proximately caused by the aforementioned Defendants.

10.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each defendant was the agent, managing agent, or employee of each of the remaining Defendants, and in doing the things alleged herein was acting within the course and scope of such agency or employment.

## NATURE OF ACTION

11.    This is an action for (i) trademark infringement under 15 U.S.C. § 1114(1), (ii) unfair competition under 15 U.S.C. § 1125(a), (iii) copyright infringement under 17 U.S.C. § 501, (iv) unfair competition and deceptive trade practices under N.Y. Gen. Bus. Law §§ 349, 350, (v) contributory infringement, and (vi) vicarious infringement.

12.    As described more fully herein, Defendants have advertised, offered for sale, sold, or otherwise contributed to the sale of counterfeit products infringing Plaintiff's trademark and copyright rights.  By virtue of such conduct, Defendants, and each of them, are liable for direct and secondary infringement of Plaintiff's intellectual property.

13.    Defendants' conduct has produced, and unless enjoined by this Court, will continue to produce consumer confusion and deception, as well as irreparable injury to Plaintiff, as well as purchasers and users of the infringing products.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business & Products

14.    Plaintiff Smith & Fong Co. is a small, family-owned business, located in Novato, California.  Since at least 1994 Smith & Fong Co. has been continuously engaged in the research, design, development, manufacture, marketing, distribution and sales of premium architectural products primarily made of exotic woods such as bamboo.  Smith & Fong Co. designs, makes, and sells original products of innovative design, made of sustainable materials, with premium construction. Smith & Fong Co.'s commercial offerings are comprised in significant part of flooring and plywood panels, including carved plywood panels.

15.     Smith & Fong Co. has long been a market leader in providing environmentally sustainable architectural solutions. In 2008 Smith & Fong Co. became the first entity to receive the coveted "FSC® Certified 100%" certification for various bamboo flooring and paneling products from the Forest Stewardship Council.

16.     Smith & Fong Co. is also a market leader in providing architectural products that are compliant with various indoor air quality rules and regulations.  As such, Smith & Fong Co. products were amongst the first to be certified under the rigorous California Section 01350 standard for indoor air quality, *Section: 01 35 00, General Requirements – Special Project Procedures*, which tests for the presence of 35 volatile organic compounds, notably including formaldehyde, a known human carcinogen.

17.     Plaintiff's commercial offerings are the result of years of class-leading research and design, culminating in products of exceptional quality made of high quality material and components, manufactured and tested to exacting standards.

18.     As a significant and substantial part of its business, Plaintiff authors a variety of original designs that are carved onto its various paneling products during the manufacturing process.  Among these designs are several works inspired by compositional geometric and abstract patterns decoratively carved into Plaintiff's plywood panels, which panels are then used as architectural wall coverings, ceilings, cabinetry, and sliding panel doors.

19.     Plaintiff's carved panels have garnered broad acclaim, being recognized as an "Editors' Choice" winner by Architectural Record magazine and one of its "Record Products" for 2014 in the "Surfaces and Finishing" category; as the "Best in Show" winner at the 2017, and as the winner for the Architectural Materials category at the 2018 "Best of BDNY" Product Design Competitions by Boutique Design New York (BDNY); and as a Jury Award winner of the Architizer A+ Awards for 2015. When used as a sliding door, the same carved panels were recognized by Architectural Record magazine as one of its "Record Products" for 2017 in the "Best Windows, Doors, & Openings" category.

**Plaintiff's PLYBOO Trademark**

20.     Plaintiff has obtained federal registration of the PLYBOO trademark under the

Lanham Act.  This registration, Reg. No. 2,346,257, applied for on March 10, 1995, by Plaintiff's predecessor in interest, issued to registration on May 2, 2000, on the Principal Register maintained by the United States Patent and Trademark Office ("USPTO") for "bamboo laminate flooring and plywood made of bamboo" ("Recited Goods",) alleging dates of first use, and first use in interstate commerce, of at least as early as March 29, 1994.

21.     PLYBOO, USPTO Reg. No. 2,346,257, has been duly assigned to Plaintiff by its predecessor in interest, with this assignment recorded at Reel 3993 and Frame 0760 of the records maintained by the USPTO.  This registration has been duly renewed, is currently valid, and has reached incontestable status. 15 U.S.C. § 1065.  A true and correct copy of the Certificate of Registration No. 2,346,257 is attached as Exhibit A to this Complaint.

22.     At all times relevant to the allegations of this Complaint, Plaintiff has used, and continues to use the PLYBOO trademark in connection with the Recited Goods, to advertise, market, offer to sell, and sell the Recited Goods in interstate commerce.

23.     Plaintiff's Recited Goods are offered for sale and sold by Plaintiff, including via its Internet website accessible at www.plyboo.com, as well as through national and international manufacturer's representatives, resellers, and distributors. Plaintiff's Recited Goods are in fact offered for sale and sold within this judicial district under its PLYBOO trademark.

24.     Plaintiff has devoted considerable resources, whether measured in time, effort, or money, to conceiving, designing, developing, manufacturing, advertising, marketing, and selling its Recited Goods under the PLYBOO trademark throughout the United States.  As a consequence of Plaintiff's efforts, it has developed a large and diverse customer base and a prominent position in the sale of said Recited Goods under the PLYBOO trademark, and the scope of Plaintiff's promotional and marketing efforts correspond to this wide range of intended consumers.

25.     Plaintiff's PLYBOO trademark, when used in connection with flooring or plywood made of bamboo, together with the good will attached to them, are the exclusive property of Plaintiff and indicate to members of the public products offered by the Plaintiff and

no other person or entity.

26.     Because of the significant expenditure of money and effort invested in the marketing, advertising, and promotion of the PLYBOO trademark it has developed strong and distinctive trademark meaning to consumers of bamboo flooring and plywood products, such that the public at large has come to identify the PLYBOO trademark as indicating famous products of distinctively high quality originating from the Plaintiff, and the Plaintiff alone.

**Plaintiff's LS-11 Copyright**

27.     Smith & Fong Co. is the author and owner of an original work entitled "PlybooSound Panel Design LS-11" (hereinafter, the "Plyboo LS-11 Design").

28.     On or about November 8, 2015, Plaintiff first released to the public, and began selling and distributing to the public, decoratively carved panels featuring the Plyboo LS-11 Design, and it continues to manufacture, distribute, offer for sale, and sell carved plywood panels reproducing the work protected under the LS-11 Copyright in this judicial district and in other locations throughout the United States and internationally.

29.     On or about March 8, 2016, Plaintiff applied to register the Plyboo LS-11 Design with the Register of Copyrights as a technical drawing of a three-dimensional work of visual art under U.S. Copyright No. VA0002005645 (hereinafter, "Plyboo LS-11 Copyright"). A true and correct copy of the Certificate of Registration No. VA0002005645 issued in due course by the Register of Copyrights is attached hereto as Exhibit B.

**Defendant Gala's Business & Services**

30.     On information and belief, Defendant Gala owns and operates a website accessible at www.galaww.com.

31.     On the galaww.com website Defendant Gala states that it "specializes in commercial and hospitality millwork," and that "GALA Woodworking can build any custom millwork piece."

32.     On information and belief, on its galaww.com website Defendant Gala also states that "Joseph Fino is the owner of GALA," and that "GALA currently operates a 10,000 sq. foot shop devoted to building the highest quality in custom woodworking and furniture in

the Northeast."

### Defendant Gala Obtains PLYBOO Submittal Samples

33.     On or about September 7, 2017, Smith & Fong Co. learned that various PLYBOO products, consisting of paneling to be used as wall coverings, cabinetry, and sliding panel doors, were being considered for specification and installation at the offices of AIMCO, located on the 65th floor of the Empire State Building, 350 5th Avenue, New York City, NY, 10118 (hereinafter, "AIMCO Project.")

34.     On or about November 27, 2017, Defendant Gala acting through an individual identified as "Joseph Fino," and writing from an email address of "jf@galaww.com," contacted a regional distributor for PLYBOO products to telephonically solicit sales quotes for various PLYBOO products, including panel reproductions of the LS-11 Copyright.  True and correct copies of this correspondence, including the proposed sales quotes numbered 15150 and 15151 transmitted to Defendant Gala care of "Joseph Fino", are attached hereto as Exhibit C to this Complaint.

35.     On or about November 28, 2017, Defendant Gala, once again acting through a person identified as "Joseph Fino," and writing from an email address of "jf@galaww.com," directly contacted Smith & Fong Co. and its regional distributor to procure a total of eight submittal samples of PLYBOO products ("PLYBOO Submittal Samples"), including plywood panels partially reproducing the Plyboo LS-11 Copyright.  A true and correct copy of said correspondence, addressed from Defendant Gala under the signature and email address of "Joe Fino", and directed to Plaintiff is attached hereto as Exhibit D to this Complaint.

36.     In the construction management industry, a submittal sample may consist of various drawings, materials, or product samples which are used to identify the specific products, material, finishes and the like to be installed in a construction project. This is intended *inter alia* to afford the architect the ability to select and specify material of a given quality and provenance. Upon approval, a submittal sample is not subject to alteration or substitution without an explicit authorization.

37.     Smith & Fong Co. routinely provides PLYBOO submittal samples for use as

part of the specification process, intending to offer for sale and sell its various PLYBOO products.  No other authorization, right, license, or permission – other than for use during the specification process – is provided with any submittal sample.

38.     On or about December 8, 2017, said PLYBOO Submittal Samples were in fact delivered to Defendant Gala, received and personally signed for by an individual identified as "Fino" under United Parcel Service ("UPS") delivery tracking number 1Z371A770395737708 (hereinafter, "Plyboo Submittal Samples.") A true and correct copy of the delivery record for this parcel as obtained from UPS is attached as Exhibit E to this Complaint.

39.     On or about February 6, 2018, Defendant Gala, again acting through an individual identified as "Joe Fino," and writing from an email address of "jf@galaww.com" contacted Plaintiff Smith & Fong Co.'s licensed distributor for sliding panel doors constructed of PLYBOO panels, placing a sales order for mounting hardware for use with two "36in. Plyboo Doors."  A true and correct copy of said sales order is attached hereto as Exhibit F to this Complaint.

### Plaintiff Learns of Use of Counterfeit "Plyboo" Panels at AIMCO Offices

40.     During August of 2018, Plaintiff Smith & Fong Co. was approached by the interior designer for the AIMCO Project regarding PLYBOO panels allegedly installed at the AIMCO Project.

41.     Indeed, on or about August 9, 2018, Plaintiff learned that "Plyboo" paneling was installed at the AIMCO Project as wall coverings, cabinetry, and sliding panel doors and was further offered an opportunity to purchase commercial use licenses for photographs of the interior of the AIMCO offices, including for use of said photographs in Plaintiff's advertising and promotional efforts in support of the PLYBOO brand.

42.     Because Plaintiff's PLYBOO panels were then being considered for a forthcoming article in the New York Times, and because the New York Times author was interested in publishing photographs of PLYBOO panels as part of the article, Smith & Fong Co. in fact purchased commercial licensing for the advertising use of various photographs of the putative "Plyboo" panels installed at the AIMCO Project, and further offered the use of said

photographs to the New York Times.

43.     At or about this time, Plaintiff also learned through correspondence with the interior designer for the AIMCO Project, as well as various AIMCO employees, that in fact some of the paneling identified as "Plyboo" and being used as a sliding panel door at the AIMCO Project were starting to warp shortly after installation.

44.     During this correspondence Smith & Fong Co. in fact learned of the alleged use of "Plyboo" paneling at the AIMCO Project from the project owner, the project architect, and the project interior designer – all of whom were of the opinion that in fact genuine PLYBOO paneling products had been installed at the AIMCO Project.

45.     Upon scrutiny of the commercially licensed photographs of the purported "Plyboo" panels installed at the AIMCO Project, Plaintiff determined that though nearly indistinguishable in visual appearance from genuine PLYBOO panels, the panels installed at the AIMCO Project were not genuine Smith & Fong Co. products.

46.     Plaintiff then requested, and was offered an opportunity to inspect the various types of purported "Plyboo" paneling installed at the AIMCO Project, which inspection was conducted through a local manufacturer's representative for Smith & Fong Co. products on or about August 22, 2018.  This visual inspection, and photographs obtained at this inspection, confirmed to Plaintiff that none of the panels represented to be PLYBOO panels installed at the AIMCO Project were in fact manufactured, offered for sale, or sold by Smith & Fong Co.

47.     Plaintiff further surveyed various distributors and retailers of genuine PLYBOO products for the New York City territory, only to discover that Defendant Gala had in fact purchased no PLYBOO panels from any retailer of PLYBOO products.

48.     Believing that none of the AIMCO Project panels were in fact genuine PLYBOO products manufactured, offered for sale, or sold by Smith & Fong Co., Plaintiff was forced to retract any permission for use by the New York Times of the photographs Plaintiff had in fact specifically commercially licensed for such publication and advertising use.  As a result, though Plaintiff and its PLYBOO paneling products were eventually featured in a New York Times article, coverage of the PLYBOO products was severely truncated in light of the

lack of any photographs.

### Defendant Gala's Copying of the PLYBOO Submittal Samples

49.     On information and belief, none of the PLYBOO Submittal Samples that Smith & Fong Co. provided to Defendant Gala on or about December 8, 2017, were in fact used as a submittal sample for the AIMCO Project.

50.     On information and belief, In lieu of submitting the genuine PLYBOO Submittal Samples for consideration in the AIMCO Project, Defendant Gala instead used the genuine Plyboo Submittal Samples as source material to create its own submittal samples by copying and reproducing the genuine Plyboo Submittal Samples.

51.     On information and belief, Defendant Gala also used the genuine Plyboo Submittal Samples to make, have made, offer to sell, and sell replica of genuine PLYBOO products, including for the AIMCO Project.

52.     Shown in Table 1 below is a submittal sample provided by Defendant Gala to obtain approval for and use of "Plyboo" panels as sliding panel doors at the AIMCO Offices, showing the back of the sample (left), and an enlarged display of the affixed label:

TABLE 1: Defendant Gala's "Plyboo" Door Panel Submittal Sample

 

53.     Shown in Table 2 below is a submittal sample provided by Defendant Gala to obtain approval for and use of "Plyboo" panels as cabinetry at AIMCO Offices, showing the back of the submittal sample (left), and an enlarged display of the affixed label:

TABLE 2: Defendant Gala's "Plyboo" Cabinet Panel Submittal Sample

 

54.     Shown in Table 3 below is a submittal sample by Defendant Gala intending to obtain approval for, and use of "Plyboo" panels at the AIMCO Offices, showing the back of the submittal sample (left), and an enlarged display of the affixed label:

TABLE 3: Defendant Gala's "Plyboo" Wall Panel Submittal Sample

 

55.     Smith & Fong Co. is informed and believes and thereon alleges that Defendant Gala in fact used the submittal samples shown in Tables 1 - 3 (collectively "Gala Submittal Samples,") to offer to sell, and to sell, bamboo plywood products for the AIMCO Project.

56.     Smith & Fong Co. is informed and believes and thereon alleges that Defendant Gala manufactured the Gala Submittal Samples.

57.     Smith & Fong Co. is informed and believes and thereon alleges that the Gala Submittal Samples were carved with three dimensional designs, which designs were copied from, and reproductions of the genuine PLYBOO Submittal Samples obtained by Defendant Gala on or about December 8, 2017.

58.     Smith & Fong Co. is informed and believes and thereon alleges that Defendant Gala obtained genuine PLYBOO Submittal Samples from Plaintiff never intending to offer such genuine PLYBOO Submittal Samples for consideration in the AIMCO Project.

59.     Smith & Fong Co. is informed and believes and thereon alleges that Defendant Gala obtained genuine PLYBOO Submittal Samples from Plaintiff intending to copy the genuine PLYBOO Submittal Samples.

60.     Smith & Fong Co. is informed and believes and thereon alleges that having manufactured its own Gala Submittal Samples, Defendant Gala then used its own Gala Submittal Samples to obtain approval for its own paneling products.

61.     On information and belief, Defendant Gala in fact obtained approval for use of no less than three types of panel products at the AIMCO Project, all of which panel products were advertised, offered for sale, and sold bearing spurious "Plyboo" trademarks.

62.     On information and belief, Defendant Gala obtained approval for its paneling products at the AIMCO Project by misrepresenting its own paneling as genuine PLYBOO.

63.     On information and belief, having obtained approval of the Gala Submittal Samples, Defendant Gala then commenced making, or having made, panels that copy Smith & Fong Co. designs, including the work identified and protected under the LS-11 Copyright.

64.     On information and belief, Defendant Gala ultimately offered for sale and sold its own paneling products at the AIMCO Project.

65.     On information and belief, none of the Gala Submittal Samples were in fact comprised in any part of genuine PLYBOO products.

66.     In a blatant attempt to profit from Plaintiff's substantial efforts and investment

in its intellectual property, Defendants have sold or offered for sale carved plywood panels (for use as wall coverings, cabinetry, and sliding panel doors) bearing spurious "Plyboo" marks that are identical to, or substantially indistinguishable from, Plaintiff's federally registered PLYBOO trademark as alleged herein.

67.     In addition to said carved panels, Defendant Gala has also offered for sale and sold plywood for use as cabinetry, which plywood was offered for sale or sold bearing spurious "Plyboo" marks that are identical to, or substantially indistinguishable from, Plaintiff's federally registered PLYBOO trademark as alleged herein.

68.     Further adding insult to injury, the putative "Plyboo" products offered for sale and sold by Defendants are in fact replica copies of Plaintiff's paneling products, which replica are substantially similar to, if not nearly indistinguishable from, Plaintiff's genuine products. By doing so, Defendants have sold counterfeit copies of the genuine PLYBOO products.

69.     Ordinarily customers would expect that products that look like Smith & Fong Co.'s copyright protected works, and which are offered for sale or sold bearing Smith & Fong Co.'s trademarks, to be manufactured, licensed, or sponsored by Smith & Fong Co.

70.     Based on information and belief, including the inspection of products offered for sale or sold by Defendant Gala, Plaintiff has confirmed that products offered for sale or sold by Defendant Gala as PLYBOO products are in fact counterfeit.

71.     On information and belief, including based on its inspection of Defendant Gala's purported "Plyboo" products, Plaintiff has determined that the counterfeit products are susceptible to failure, particularly as a result of inferior design, material, and manufacturing.

**Defendant Gala Refuses to Cease & Desist**

72.     Following its initial investigation, Plaintiff Smith & Fong Co., by and through its undersigned counsel, wrote to Defendant Gala to request that it cease and desist from infringement of Smith & Fong Co.'s intellectual property rights as alleged herein.

73.     Specifically, Plaintiff's cease and desist demand of September 24, 2018, placed Defendant Gala on notice of Plaintiff's exclusive rights in and to the federally registered PLYBOO trademark and the LS-11 copyright, as well as the infringement being caused by

Defendant Gala's overall course of conduct in obtaining genuine PLYBOO submittal samples, impermissibly copying such samples, and then fabricating, selling, and offering for sale plywood paneling that infringe the PLYBOO trademark and LS-11 Copyright.

74.     On October 4, 2018, responding through counsel, Defendant Gala "categorically and unequivocally deni[ed] any copyright and/or trademark infringement."

75.     Defendant Gala's correspondence of October 4, 2018, lacked any legal citation or factual contention tending to support Defendant Gala's "categorical" and "unequivocal" denial.

76.     Because of Defendant Gala's conclusory denials, and its threatened, continuing and willful infringement of Smith & Fong Co.'s intellectual property rights, Plaintiff is now compelled to bring this action to vindicate its rights.

77.     Plaintiff and the members of the general public who would purchase Defendants' products are suffering an imminent threat of irreparable harm.  Plaintiff is additionally suffering a loss of the goodwill that it has created in its products, is losing profits from lost sales of genuine products, and will further suffer reputational harm as the inferior Gala counterfeits sold to and installed at the AIMCO Offices continue to be misrepresented as genuine PLYBOO products.  As such, through this action Plaintiff also seeks permanent injunctive relief in addition to damages for Defendants' infringement and counterfeiting of Plaintiff's intellectual property.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement

### 15 U.S.C. § 1114(1)

78.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79.     The acts of Defendants alleged herein constitute the use in commerce, without the consent of Plaintiff, of a reproduction, counterfeit, copy or colorable imitation of one or more of Plaintiff's registered marks alleged herein and attached hereto as Exhibit A in connection with the sale, offering for sale, distribution, or advertising of products, which use

has in fact caused confusion, and is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Plaintiff's rights in its registered PLYBOO mark alleged herein, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

80.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation, and good will in its federally registered trademarks as cited herein.  Plaintiff has no adequate remedy at law.

81.     Furthermore, the infringement of Plaintiff's federally registered trademark as cited herein by the Defendants, and each of them, is an exceptional case and was intentional. Said exceptional and intentional infringement has damaged Plaintiff as described herein, entitling Plaintiff to treble its actual damages or defendant's profits, and to an award of attorney's fees under 15 U.S.C. §§ 1117(a) and (b).

## SECOND CAUSE OF ACTION

### Federal Unfair Competition

### 15 U.S.C. §§ 1125(a)(1)(A), 1125(a)(1)(B)

82.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 - 81 of this Complaint as if fully set forth herein.

83.     The acts of Defendants as alleged herein, independently and in concert with one another, constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, false or misleading description of fact, or false or misleading representation of fact, as well as false advertising in connection with the sale, or offering for sale, of goods infringing Plaintiff's PLYBOO trademark, all in violation of Sections 43(a) of the Lanham Act.  15 U.S.C. §§ 1125(a)(1)(A), 1125(a)(1)(B).

84.     These acts of Defendants have caused confusion, and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' counterfeit products by Plaintiff.  Further, as alleged herein, Defendants have used commercial advertising or promotion to misrepresent the nature, characteristics, and qualities of their

counterfeits by attempting to sell and in fact selling counterfeit products as genuine PLYBOO Products.

85.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation, and good will in its trademarks.  Plaintiff has no adequate remedy at law.

86.     Furthermore, Defendants' conduct complained of herein is an exceptional case and was intentional.  Said exceptional and intentional infringement has damaged Plaintiff as described herein, entitling Plaintiff to treble its actual damages and to an award of attorney's fees under 15 U.S.C. §§ 1117(a) and (b).

**THIRD CAUSE OF ACTION**

**Copyright Infringement**

**17 U.S.C. § 501**

87.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 86 of this Complaint as if fully set forth herein.

88.     At all times relevant hereto, Plaintiff has been and still is the owner and proprietor of all right, title, and interest in and to the LS-11 Copyright.

89.     Smith & Fong Co. has complied in all respects with the Copyright Act of the 1976 and all other laws governing copyright, and has secured exclusive rights and privileges in and to the LS-11 Design.  The three-dimensional LS-11 Design was created by Smith & Fong Co. and contains features wholly original and copyrightable subject matter under the laws of the United States.

90.     The LS-11 Copyright is valid and entitled Smith & Fong Co. to exercise its rights as owner to the exclusive use of the LS-11 design and to enforce against infringement resulting from any third party use, reproduction, or sale of that design, and to obtain injunctive relief and damages.

91.     Defendant Gala, including its employees or agents, have had access to samples of Smith & Fong Co.'s LS-11 Design, including by obtaining samples of the same LS-11 Design directly from Smith & Fong Co., or have had reasonable possibility of viewing the LS-

11 Design subsequent to its market introduction in 2015.

92.     With full knowledge of Smith & Fong Co.'s rights under the LS-11 Copyright, Defendant Gala nonetheless infringed, and threatens to continue infringing the LS-11 Copyright by making or selling its own unauthorized copies or reproductions of the LS-11 Copyright in this judicial district, calling its unauthorized copies or reproductions a "Plyboo Linear Sound Panel," as depicted in Para. 54, Table 3 above.

93.     Defendant Gala's "Plyboo Linear Sound Panel" design is substantially similar, if not nearly identical to the Plyboo LS-11 Copyright.

94.     Defendant Gala's distribution or sales of such reproductions of the Plyboo LS-11 Copyright were without the authorization of Smith & Fong Co and in violation of its exclusive rights in the Plyboo LS-11 Copyright.

95.     By using, copying, distributing, or selling unauthorized reproductions of the work protected under the LS-11 Copyright within the United States, Defendant Gala is liable for direct infringement of the LS-11 Copyright.

96.     Defendant Gala's past sales, and threat of continuing use, distribution, reproduction and further sales and offers to sell copies or reproductions of works protected under the Plyboo LS-11 Copyright further constitutes a willful and deliberate infringement of Smith & Fong Co.'s rights thereby entitling it to enhanced damages under the Copyright Act. 17 U.S.C. § 506.

97.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation, and good will in its copyright protected works as cited herein.  Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### New York State Unfair Trade Practices

### N.Y. Gen. Bus. Law § 349

98.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99.     By engaging in the conduct complained of herein, whether individually or in concert with each other, Defendants have committed acts of unfair competition by engaging in unfair, unlawful, or deceptive business activities.

100.     Defendants, whether acting individually or in concert with each other, have knowingly misappropriated and utilized Plaintiff's property rights, including Plaintiff's exclusive rights to the use of the intellectual property alleged herein free of any interference from counterfeit products sold by Defendants.

101.     Said acts of Defendants, and each of them, in infringing or knowingly infringing Plaintiff's intellectual property rights, including by offering for sale and in fact selling counterfeit products, by using trademarks likely to cause confusion, mistake, or deception among consumers, including as to the source, origin, affiliation, or relationship of the respective parties' products, or to deceive, misappropriating Plaintiff's trademarks to pass off Defendants' own products as those of Plaintiff's, while also infringing Plaintiff's copyright, have been for Defendants' own benefit and are likely to deceive, or did in fact deceive, prospective consumers and caused them to purchase products from Defendants, and each of them, instead of from Plaintiff.

102.     Because of the Defendants' conduct as herein alleged, Plaintiff's business has suffered in that its business and profits have been diminished, with such damage being proximately caused by Defendants' knowing and intentional disregard of the Plaintiff's rights.

103.     By committing the acts complained of herein, Defendants, and each of them, have violated, and continue to violate, state and federal laws, and thereby have engaged in a *per se* unlawful business practice constituting unfair competition, or have acted unfairly and deceptively, all in violation of the New York Gen. Bus. Law § 349.

104.     Because of the wrongful conduct of the Defendants, and each of them, as complained of herein, because of the irreparable damages proximately caused to Plaintiff by Defendants, and each of them, and because the extent of such damages is difficult to measure, Plaintiff has no adequate remedy at law, and is entitled to a temporary restraining order and to preliminary and permanent injunctive relief prohibiting Defendants, and each of them, from

engaging in the activities alleged and complained of herein.

105.    Furthermore, by misappropriating Plaintiff's property rights, Defendants, and each of them, have diverted and appropriated for themselves Plaintiff's customers, thereby greatly damaging Plaintiff's business and good will in amounts to be determined at trial. Plaintiff is therefore also entitled to recover from the Defendants, and each of them, the unjust enrichment caused by such wrongful conduct, and a disgorgement of profits from Defendants, and each of them, in an amount to be determined at trial.

106.    Plaintiff is entitled to an award of punitive and exemplary damages based on such intentional, willful, malicious, despicable, fraudulent, or oppressive conduct of the Defendants as complained of herein, and each of them, in an amount to be determined at trial.

## **FIFTH CAUSE OF ACTION**

### **New York State False Advertising**

### **N.Y. Gen. Bus. Law § 350**

107.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 106 of this Complaint as if fully set forth herein.

108.    By engaging in the conduct complained of herein, whether individually or in concert with each other, Defendants have committed false advertising in violation of New York General Bus. Law § 350 by advertising, including through labeling, of plywood paneling products, which advertising was in fact misleading in a material respect.

109.    Because of the wrongful conduct of the Defendants, and each of them, as complained of herein, because of the irreparable damages proximately caused to Plaintiff by Defendants, and each of them, and because the extent of such damages is difficult to measure, Plaintiff has no adequate remedy at law, and is entitled to a temporary restraining order and to preliminary and permanent injunctive relief prohibiting Defendants, and each of them, from engaging in the activities alleged and complained of herein.

110.    Furthermore, by misappropriating Plaintiff's property rights, Defendants, and each of them, have diverted and appropriated for themselves Plaintiff's customers, thereby greatly damaging Plaintiff's business and good will in amounts to be determined at trial.

Plaintiff is therefore also entitled to recover from the Defendants, and each of them, the unjust enrichment caused by such wrongful conduct, and a disgorgement of profits from Defendants, and each of them, in an amount to be determined at trial.

111.    Plaintiff is entitled to an award of punitive and exemplary damages based on such intentional, willful, malicious, despicable, fraudulent, or oppressive conduct of the Defendants as complained of herein, and each of them, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Contributory Infringement

112.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 111 of this Complaint as if fully set forth herein.

113.    Defendants, and each of them, have used, advertised, promoted, sold, or are currently using, advertising, promoting, or selling, counterfeit products infringing Plaintiff's intellectual property rights as alleged herein in interstate commerce, and in commerce within the State of New York.

114.    On information and belief, Defendants, and each of them, have knowingly furnished or otherwise supplied counterfeit products to each other and various third parties, and have caused counterfeit products infringing Plaintiff's intellectual property rights to be distributed and used in interstate commerce, and in commerce within the State of New York.

115.    Defendants, and each of them, have direct knowledge that the conduct complained of herein, and their supplying of counterfeit products to each other and various third parties, infringes Plaintiff's intellectual property rights as alleged herein, and that such conduct has proximately damaged Plaintiff as alleged herein.

116.    Defendants' conduct, and the acts of each of them, constitutes contributory infringement under the common law.

## SEVENTH CAUSE OF ACTION

### Vicarious Trademark Infringement

117.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 116 of this Complaint as if fully set forth herein.

118.    Defendants, and each of them, have used, advertised, promoted, sold, or are currently using, advertising, promoting, or selling, counterfeit products infringing Plaintiff's intellectual property rights as alleged herein in interstate commerce, and in commerce within the State of New York.

119.    On information and belief, Defendants, and each of them, have knowingly furnished or otherwise supplied infringing or counterfeit products infringing Plaintiff's intellectual property rights to each other and various third parties, and have caused infringing or counterfeit products to be distributed and used in interstate commerce and in commerce within the State of New York.

120.    Defendants, and each of them, have acted in an actual or apparent partnership with each other in undertaking the conduct complained of herein, have had the authority to bind one another in transactions with third parties, and have exercised joint ownership or control over the products distributed, used, or sold in interstate commerce, and in commerce within the State of New York.

121.    Defendants' conduct, and the acts of each of them, constitutes vicarious infringement under the common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered as follows:

A.    For judgment that:

(i)    Defendants, and each of them, have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

(ii)    Defendants, and each of them, have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii)    Defendants, and each of them, have violated Section 501 of the Copyright Act, 17 U.S.C. § 501;

(iv)    Defendants, and each of them, have engaged in unfair competition in violation of laws of the State of New York;

(v)    Defendants, and each of them, have engaged in secondary infringement of

Plaintiff's intellectual property rights.

B.      For an injunction restraining and enjoining Defendants, and each of them, as well as their principals, partners, distributors, authorized dealers or dealers, retailers, vendors, agents, employees, licensees, affiliates, any parent or subsidiary company, attorneys, and representatives and all of those in privity with or acting under their direction or pursuant to their control, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(i)     Purchasing, distributing, selling, offering for sale, advertising or promoting in any way, any products infringing Plaintiff's intellectual property rights as alleged herein;

(ii)    Using Plaintiff's intellectual property alleged herein including any trademark or trade dress owned by Plaintiff, in connection with manufacturing, distributing, advertising, promoting, offering for sale, or selling any product or service;

C.      That Defendants, and each of them, and their principals, partners, distributors, agents, employees, licensees, affiliates, any parent or subsidiary company, attorneys and representatives and all of those in privity with or acting under their direction or pursuant to their control, be required to deliver up for destruction all products, labels, signs, cartons, packaging, advertising, marketing, promotional, or any other material infringing Plaintiff's intellectual property as alleged herein;

D.      That Defendants, and each of them, be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within thirty days after the entry of such order of injunctive relief;

E.      That Plaintiff recover from Defendants its actual damages and lost profits in an amount to be proven at trial, that Defendants be required to account to Plaintiff for any profits that are attributable to their illegal acts, and that prejudgment and post-judgment interest be awarded to Plaintiff as a result of Defendants' violations of Federal and New York statutory and common law;

F.      That as an alternative to awarding Defendants' profits to Plaintiff, Plaintiff be

awarded statutory damages as provided for by 15 U.S.C. § 1117(c) and 17 U.S.C. § 504(c)(1), in an amount no less than $200,000 per trademark per type of product sold, offered for sale, or distributed, in addition to no less than $30,000 per copyright infringed, and that such statutory damages be enhanced to the maximum permissible amounts of $2,000,000 per trademark per type of good or service sold, offered for sale, or distributed, in addition to $150,000 per copyright infringed as provided for by 15 U.S.C. § 1117(c)(2) and 17 U.S.C. § 504(c)(2) due to Defendants' willful infringement;

      G.    That Plaintiff recover its attorney's fees and costs from Defendants as provided by 15 U.S.C. § 1117(a), 17 U.S.C. § 505, and by New York law;

      H.    That Plaintiff recover pre- and post-judgment interests at the maximum rate allowed by law on any damages awarded by this Court;

      I.    That all such other or further relief be awarded to Plaintiff, whether at law or in equity, as this Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated:    4 December 2018
           New York, NY

                    Yours, etc.,

                    Dayton P. Haigney (DH-3455)
                    **Local Counsel for Plaintiff**
                    233 Broadway, Suite 2348
                    New York, NY 10279
                    Tel: (212) 557-5590
                    DPHLAW@msn.com

                    Omid A. Mantashi (OM-6573)
                    Law Office of Omid A. Mantashi
                    **Lead Counsel for Plaintiff**
                    *Pro hac vice admission pending*
                    360 Grand Avenue, Suite 90
                    Oakland, CA  94610
                    Tel:  (510) 593-9442
                    Fax:  (510) 868-8310
                    OMID@ipfoundry.com